BRANDIES & CRAWFORD *v.* T. A. LEWIS.

**Carriers—Overcharge for Freight—Suit to Recover—Necessary Allegation.**
It is not alleged that at the time the freight was demanded and paid that appellants did not know that the sums demanded were more than by the terms of the contract appellees were entitled to receive, consequently the payments were neither made by mistake nor by the deceit of appellees, but with a full knowledge of all the facts.

Held, that the petition does not state a cause of action.

APPEAL FROM JEFFERSON CIRCUIT COURT, COMMON PLEAS DIV.

April 24, 1872.

OPINION OF THE COURT BY JUDGE PETERS:

Appellants in their petition allege substantially that in December, 1867, and January, 1868, they shipped from Columbus, Indiana, through the forwarding line of appellees to Jer-

sey City, state of New Jersey, seventeen several shipments of grain, and received appellees' bill of lading therefor, stating the dates of delivery and their weights, and the rates for which each of said shipments was to be carried, all of which are set forth in the petition.

They allege that appellees did by the bills of lading, in consideration that they would pay them freight at the rates in said bills of lading specified, promise and undertake to carry or cause to be carried said several shipments, being parcels of grain from Columbus, Indiana, to Jersey City, state of New Jersey, and there to deliver the same, or cause them to be delivered to the order of Carlos Cobb, their consignee, for their use on the payment of the freight thereon at the rates theretofore agreed upon, as set forth in said bills of lading, which are referred to and made exhibits in the case.

They allege that appellees failed, and refused to keep and perform their promise in this, that they did not deliver said seventeen shipments of grain shipped through their line as evidenced by said several bills of lading, nor any of them upon the payment or tender of the freight at the rates for each of said shipments respectively agreed upon as set forth; but suffered their agents, bailees, and servants of Jersey City to demand from said Carlos Cobb, consignee, and agent of plaintiff, greater sums of money for freight than they, according to the said rates agreed upon, were bound to pay, and to withhold the grain from said consignee and agent until said freight bills were paid, the excess over the price agreed upon being $328.71.

And they charge that appellees broke their promise, and by extortion from said consignee and agent of plaintiff received and collected $328.71 to which they had no right and which they unjustly detain, etc.

The *gravamen* of the action is that appellees claimed and collected more money as freight for transporting the grain, than by the terms of the contract between the parties they had a right to collect or were entitled to, and the bills of lading are referred to as showing the contract price.

It is not alleged that at the time the freight was demanded and paid that appellants did not know that the sums demanded were more than by the terms of their contract appellees were

entitled to receive, consequently the payments were neither made by mistake nor by the deceit of appellees, but with a full knowledge of all the facts.

The question then is was the money paid voluntarily, or was it paid by compulsion? There is not a direct allegation in the petition that appellants tendered the prices agreed on for the transportation of their grain, and demanded the delivery thereof, nor that appellees refused to deliver the same unless or until the freight charged was paid; nor is it alleged that any objection was made at the time to the payment, or that payment was made under protest. It is not even alleged directly that appellees or their agents did, in fact, demand the excess of freight and refuse to deliver the grain until said excess was paid and that they were compelled to pay the same in order to get possession of their grain.

But by looking into the testimony of Cobb, and Kneeland, witnesses for appellant, it will be seen that the difference is not in the price collected and that agreed upon per hundred for transportation, but arises from the difference in the quantity, or weight of grain transported, and that charged for, the difference being 216 43-56 bushels as these witnesses prove. Cobb says that "the actual freight charged by the Erie Railroad Company and so paid by me was 1,418,503 equal to 25,330 23-56 bushels, the delivery to me was 25,113 36-56 bushels, showing that I paid freight on 216 43-56 bushels more than the road delivered to me."

The price actually paid for the transportation of appellant's grain is not proved, nor does it satisfactorily appear that the payments were not voluntarily made. The appellants therefore failed to make out their case, and the judgment must be *affirmed*.

*Dembitz & Wehle, for appellants.*

*Gibson & Son, for appellee.*